IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LOVE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-417-GPM |
| | ) |
| W. A. SHERROD, | ) |
| | ) |
|     Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Robert Love, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of good conduct credit and expungement of a disciplinary ticket.

### THE COMPLAINT

The facts of this case are rather simple. On March 18, 2009, a shake-down was conducted in an eight-man cell; Love was one of the eight inmates who occupied that dormitory-style cell. In the bathroom, an officer found a rolled-up grey blanket; inside that blanket was a round metal object, sharpened on one end, approximately 7½ inches long. None of the eight inmates admitted ownership of the object, thus it appears that each one was issued a disciplinary ticket for possession of this sharp object. Love maintained that he had no knowledge of the weapon, nor had he observed any of his cell mates with the weapon. Nonetheless, Love was found guilty. In addition to loss of privileges and a suspended sentence in disciplinary segregation, Love lost 41 days of good conduct credit.

**ANALYSIS**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id*. at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

In this case, Love was charged with a violation of Code 104, "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." 28 C.F.R. § 541.13, Table 3. At issue in this case is the definition of possession: is it *knowing* possession, *negligent* possession, or just plain "possession"? In this case, the Disciplinary Hearing Officer (DHO) identified no evidence suggesting that Love knew that the weapon was in the bathroom. Instead, the DHO rested his finding on this notion: "Since the weapon cannot be attributed to any single person, all individuals assigned to the cell have equal culpability."

Love argues that this strict liability standard is not supported by the law. As his supporting brief points out, "the definition of a crime embraces some requirement of mens rea." *Morissette v. United States*, 342 U.S. 246 (1952); *see also United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995); *United States v. Garret*, 903 F.2d 1105, 1110 (7th Cir. 1990); *United States v. Fox*, 845 F.2d 152, 156 (7th Cir. 1988).

Love's argument is plausible, but he is not charged with a crime; he is charged with violating an administrative regulation. So, the Court requires further briefing on this matter.

### SUMMARY

**IT IS ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 08/11/10

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                United States District Judge